## Willis Conable, Appellant, *v.* C. H. Van Housen.

*Landlord and tenant—Parol lease—Allegata and probata.*

Where the plaintiff's allegata and the probata agreed as to an oral leasing at a rental of $60.00 a year, but defendant's testimony established by the verdict was that he worked the farm on shares, there being no contract for a money rental and no evidence of the landlord's share of the crop, there could be no recovery for either.

Argued Feb. 16, 1899.  Appeal, No. 13, Feb. T., 1899, by plaintiff, from judgment of C. P. Potter Co., Dec. T., 1896, No. 70, on verdict for defendant.  Before RICE, P. J., BEAVER, ORLADY, SMITH, W. W. PORTER, W. D. PORTER and BEEBER, JJ.  Affirmed.  Opinion by SMITH, J.

Assumpsit.  Before OLMSTED, P. J.

It appears from the record that this action was brought to recover six years' rent at $60.00 per year.  No copy of pleading was printed in the paper-book.  It appears from the history of the case that the plaintiff's statement claimed on an oral agreement at $60.00 a year and that plaintiff sustained his case by legal proof and rested.  Defendant gave evidence tending to show that the contract was not for a moneyed rent but that compensation would be paid from produce from the farm.

The court charged the jury, inter alia, as follows :

[We have been asked by the counsel for the defendant to charge you as follows, " That there can be no recovery in this case if there was a leasing on shares as testified to by the defendant and his witnesses."  We say to you as a matter of law that is our understanding of it.  We, in effect, affirm this point. We say to you, the plaintiff having declared upon a lease for cash rent, or a rent of $60.00 a year, he cannot recover if the jury should find there was no such lease, but that it was a cropping lease from year to year.  What I have said practically affirms this point.] [1]

Verdict and judgment for defendant.  Plaintiff appealed.

*Errors assigned* were (1) to portion of the judge's charge, reciting same.  (2) In discharging the rule and refusing a new trial.

*W. I. Lewis*, of *Larrabee & Lewis*, for appellant.—The learned judge erred in treating the question raised as if it were one of variance between the declaration and evidence : Zerger v. Sailer, 6 Binney, 24; Railway Co. v. Stees, 77 Pa. 332; Kroegher v. McConway & Torley Co., 149 Pa. 444.

We say the court erred in not granting a new trial. If the court is right in the ruling in this case, the machinery of the law is made to do an injustice. The contract, out of which this suit grows, was twelve years old. Treat all the parties as they ought to be treated in this matter and say that the variance between the parties in their evidence was due to an honest misrecollection of the contract on one side or the other. Grant, for the purpose of argument, that the plaintiff is wrong; that he has forgotten the terms of the contract. Notwithstanding the defendant has had the use of his farm for ten years, he does not pretend to have paid the rent; he has proved by his own evidence in the court of justice that he is indebted to the plaintiff. The plaintiff cannot recover in any other suit on this contract. If the court had allowed a verdict for the plaintiff, this court, following the universal practice, would have amended the pleadings so as to do justice between the parties. By depriving the plaintiff of the benefit of the defendant's own admissions, the plaintiff loses his just claim. Then by the law's technicalities the plaintiff is deprived of his just due. When this result is reached what was the duty of the court in the premises ? We submit that, under the circumstances, a new trial should have been granted so that the pleadings could have been amended and a trial had upon the merits of the case.

*Jno. Ormerod* and *H. C. Dornan*, for appellee.

OPINION BY SMITH, J., October 9, 1899 :

Though the pleadings are not printed, the plaintiff appears to have declared on an oral lease, at a rental of $60.00 a year and the road tax. The plaintiff testified that the defendant held under such a lease. There was, therefore, full agreement between the allegata and the probata on the part of the plaintiff, and had the jury believed the testimony the plaintiff was entitled to recover in accordance with the allegata. The defendant, however, contradicted the plaintiff as to the terms of the

lease, and testified that he worked the land on shares. To some extent, he was corroborated by other testimony. Upon the question thus presented, the jury found in favor of the defendant. The verdict having established the fact that the land was worked on shares, the plaintiff could not recover on the allegation of a money rental. Even had his declaration been so framed as to permit a recovery for his share of the rent, on the evidence offered by the defendant, this evidence was not sufficient for the purpose. It does not appear that the value of the crop had been ascertained nor the kind, quantity or value of the landlord's share fixed or agreed upon by the parties, and there was no evidence from which the jury could determine this. Hence, with no contract for a money rental, and no evidence of the value of the landlord's share of the crop, there could be no recovery for either.

Clearly under the pleadings and evidence the instruction of the court was correct; no other verdict could be sustained. Nothing has been shown to warrant us in convicting the trial court of error in refusing a new trial. The case calls for no further discussion.

The assignments of errors are overruled, and the judgment is affirmed.